**UNITED STATES of America,**
**Appellee,**

v.

**Abrorkhodja ASKARKHODJAEV, also known as Alex, also known as Abdumajid Maksudov, also known as Abror, Appellant.**

**No. 11–2111.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 20, 2011.

Filed: Dec. 23, 2011.

Willie J. Epps, Jr., Shook Hardy & Bacon LLP, Kansas City, MO, for appellant.

Abrorkhodja Askarkhodjaev, Adelanto, CA, pro se.

William L. Meiners, Phillip Eugene Porter, Asst. U.S. Attys., William A. (Trey) Alford III, Spec. Asst. U.S. Atty., Kansas City, MO, James F. Felte, Jr., Dep. Chief, Civil Rights Div., U.S. Dept. of Justice, Washington, DC, for appellee.

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

PER CURIAM.

Under the terms of a written plea agreement that contained an appeal waiver, Abrorkhodja Askarkhodjaev pleaded guilty to conspiracy to engage in racketeering, in violation of 18 U.S.C. § 1962(d); fraud in foreign labor contracting, in violation of 18 U.S.C. §§ 1351 and 1349; identity theft, in violation of 18 U.S.C. § 1028(a)(7); and evasion of corporate employment tax, in violation of 26 U.S.C. § 7201. The district court [1] imposed a sentence of 144 months

---

1. The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

in prison, 3 years of supervised release, and $1,007,492.28 in restitution. Mr. Askarkhodjaev filed a pro se notice of appeal, and his counsel has submitted a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he moves to withdraw. In a pro se filing before this court, Mr. Askarkhodjaev asserts that he received ineffective assistance of counsel.

We conclude that Mr. Askarkhodjaev's claim of ineffective assistance is not barred by the appeal waiver, but also is not appropriate for consideration on direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872 (8th Cir.2007). We further conclude that the appeal waiver should be enforced as to all other issues in this appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir.2003) (en banc) (court should enforce appeal waiver and dismiss appeal where appeal falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); *see also United States v. Estrada–Bahena*, 201 F.3d 1070, 1071 (8th Cir.2000) (per curiam) (enforcing appeal waiver in *Anders* case).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issue not covered by the waiver. Accordingly, we decline to consider Mr. Askarkhodjaev's ineffective-assistance claim, we dismiss this appeal, and we grant counsel's motion to withdraw, subject to counsel informing Mr. Askarkhodjaev about procedures for seeking rehearing or filing a petition for certiorari.